IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:25 CR 228

                                    Plaintiff,          ORDER DENYING
         -vs-                                 MOTION TO SUPPRESS

Balwinder Singh,                                             JUDGE JACK ZOUHARY

                               Defendant.

## INTRODUCTION

In May 2025, Defendant Balwinder Singh was indicted for being an unlawful alien in possession of a firearm (Doc. 1).  He now moves "to suppress any and all evidence obtained as a result of the search of his cell phone" (Doc. 14 at 1).  The Government opposes  (Doc. 18).

## BACKGROUND

After a lengthy investigation, the Government secured a warrant for Singh's apartment and cell phone.  The warrant, which was executed in March 2025, authorized the following (Doc. 18-1 at 25):

> During the execution of the search of the PREMISES, as described in Attachment A-I, and JASSI SINGH, as described in Attachment A-II, law enforcement personnel are also specifically authorized to compel BALWINDER SINGH, aka JASSI SINGH, to provide biometric features, including pressing fingers (including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:
>
>     a.      any of the devices found at the location and person listed above, and
>
>     b.      where the devices are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband,

> or instrumentalities of the offenses as described in the search warrant
> affidavit and warrant attachments,

> for the purpose of attempting to unlock the devices' security features in order to search
> the contents as authorized by this warrant.

The warrant did not mention Singh's passcode as a means to unlock the device.

Singh was present as the warrant was executed, and Border Patrol agents took him into custody on an immigration detainer.  After administrative questioning, FBI Agent Andrew Eilerman interviewed Singh.  Singh denied possessing a firearm and, after being issued his *Miranda* rights, invoked his right to counsel.  At that point, Eilerman stopped the interview.  He then advised Singh that he had authorization to "force [Singh] to unlock [his] phone [] via biometrics." Singh responded that he could unlock his phone; and Eilerman responded -- "you don't have to give me your pin." Eilerman handed Singh the phone, and Singh unlocked it.  When the phone relocked, Singh again unlocked it (Doc. 18 at 5).

Singh now contends agents violated his Fourth and Fifth Amendment rights by compelling testimonial speech and exceeding the scope of the search warrant.

### DISCUSSION

**Compulsion**

Singh argues that officers "ultimately compelled [him] to unlock his cellphone two times using his passcode by overwhelmingly communicating he was required to unlock his phone but without meaningfully explaining or clarifying by what means the phone should be unlocked" (Doc. 14 at 5).  But that's not what the record demonstrates.

After Singh invoked his right to counsel, Eilerman clearly stated the warrant authorized agents to use biometrics to unlock his phone and offered to show him the warrant (*see* Doc. 18 at 8).  Singh then voluntarily offered to unlock the phone:

2

- Singh:  I can unlock my phone, there's nothing in there.

- Eilerman:  All right.  So just unlock it.  You don't have to give me your PIN and once it's open  . . . all right.

The interview recording reveals that Singh's demeanor was calm and conversational.  He asked about the storing of his phone and belongings, discussed his immigration status, and even re-unlocked the phone again when the screen locked.  There is no indication of confusion or coercion.

Indeed, the agent's conduct is a model of how a lawful search should be executed following invocation of *Miranda*.  When an individual voluntarily takes an action after being informed of their rights and the scope of the search authority, courts do not find compulsion.  For instance, in *United States v. Hinson*, "[t]he warrant at issue authorized federal agents to compel Ms. Conner to use biometrics to unlock the phone" but  "it did not authorize them to request a password or other means for accessing the device." 681 F. Supp. 3d 789, 791–92 (N.D. Ohio 2023).  When officers informed Hinson of the warrant, she voluntarily disclosed the pattern of the code to unlock her phone.  *Id.* at 797.  The court found that, under the totality of the circumstances, the search was "voluntary and lawful." *Id.* at 799.  *See also Clark v. Andrewjeski*, 2024 WL 5643410, at *10 (W.D. Wash. 2024) (denying motion to suppress where defendant voluntarily offered his passcode after agents informed him they had a warrant to access his cellphone using biometrics).

So too here.  The totality of the circumstances shows that Singh was not compelled;  rather, he voluntarily cooperated when he unlocked his phone.

**Testimonial**

To qualify as protected by the Fifth Amendment, a communication must be (1) compelled, (2) testimonial, and (3) incriminating.  *Hiibel v. Sixth Jud. Dist. Ct. of Nev.*, 542 U.S. 177, 189

(2004); *Doe v. United States*, 487 U.S. 201, 207 (1988).  Singh argues that entering his passcode was "testimonial" because it implicitly conveyed knowledge of the code.

The Sixth Circuit has not squarely resolved whether passcode entry is always testimonial.  But even assuming it can be, no testimony was compelled here.  "An act is testimonial when the accused is *forced* to reveal his knowledge of facts relating him to the offense or from having to share his thoughts and beliefs with the government."  *United States v. Kirschner*, 823 F. Supp. 2d 665, 668 (E.D. Mich. 2010)  (citing *Doe*, 487 U.S. at 213) (emphasis added).  That did not happen here.  At no point did Singh provide the passcode orally or in writing.  He simply unlocked the phone himself. The Government made no effort to extract, record, or otherwise use "the contents of his own mind." *Id.* at 669 (citation omitted).

This is not a case where Singh was compelled to provide knowledge.  Rather, agents informed him they had a warrant to unlock his phone, and he decided to do so voluntarily.  Singh neither points to, nor could this Court locate, any cases holding *voluntarily* entering a password to be testimonial in nature.

**Scope of the Warrant**

Finally, this Court rejects Singh's argument that law enforcement exceeded the scope of the warrant.  The warrant authorized agents to compel Singh's biometric features to access the phone. As outlined above, Singh unlocked the device himself after being told what the agents were authorized to do.  And, as the Government points out, the contents of Singh's phone would have been "inevitably discovered" under the warrant.  *See United States v. Hilton*, 625 F. App'x 754, 759 (6th Cir. 2015) ("Although first applied in the Fourth Amendment context, the inevitable discovery doctrine applies with equal force to potential Fifth Amendment violations.").

4

### Conclusion

The search at issue complied with the Constitution -- the conduct was not testimonial or compelled, and fell within the scope of the valid warrant.  The Motion to Suppress (Doc. 14) is denied.

IT IS SO ORDERED.

*s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 28, 2025
